UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA DAWN HAYWOOD, Inmate Booking No. 19750859,<br><br>                             Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF; JAIL DOCTORS; STATE BOARD OF COMMUNITY CORRECTIONS,<br><br>                             Defendant. | Case No.: 3:20-cv-0466-LAB-RBB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 11]** |

Erica Dawn Haywood ("Plaintiff"), currently housed at the Las Colinas Detention and Reentry Facility located in Santee, California, and proceeding pro se, initially filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983 in the Northern District of California. (*See* Compl., ECF No. 1.)  On March 11, 2020, United States Magistrate Judge Joseph Spero determined that Plaintiff's claims arose from events that occurred in San Diego and transferred the matter to this Court.  (ECF No. 5.)

She did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time she submitted her Complaint, but instead she filed Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

1  However, Plaintiff failed to provide certified copy of her Inmate Trust Account
2  Statement Report for the 6-month period immediately preceding the filing of her
3  Complaint as required by 28 U.S.C. § 1915(a)(2).  Thus, the Court DENIED her Motion
4  to Proceed IFP and granted her leave to file a renewed Motion to Proceed IFP, "*together*
5  *with a certified copy of her 6-month Inmate Trust Account Statement Report*" within 45
6  days from the date the Order was filed.  (*See* March 8, 2020 Order, ECF No. 8 at 3)
7  (emphasis in original.)
8  On April 23, 2020, Plaintiff filed her renewed Motion to Proceed but again failed
9  to provide a certified copy of her Inmate trust Account Statement.  (*See* ECF No. 11.)

## I.  Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, she may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

  Prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the Court orders the institution having custody of the prisoner to collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

  While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), she again has failed to attach a certified copy of her Inmate Trust Account Statement Report for the 6-month period immediately preceding the filing of her Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

  Without her certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

## II. Conclusion and Order

  For this reason, **IT IS ORDERED** that:

  (1) Plaintiff's Motion to Proceed IFP (ECF No. 11) is **DENIED** and the action is **DISMISSED** without prejudice based on her failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

/ / /

    (2)    Plaintiff is **GRANTED** forty-five (45) days from the date of this Order in which to re-open her case by either: (1) paying the entire $400 statutory and administrative filing fee in one lump-sum, **or** (2) filing a renewed Motion to Proceed IFP, *which includes a completed prison certificate and/or a certified copy of her Inmate Trust Account Statement Report for the 6-month period preceding the filing of her Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

    (3)    The Clerk of the Court is **DIRECTED** to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for her use and convenience. But if Plaintiff neither pays the $400 filing fee in full, nor sufficiently completes and files a renewed Motion to Proceed IFP, *together with a certified copy of her 6-month Inmate Trust Account Statement Report* within 45 days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without any further Order of the Court.

    **IT IS SO ORDERED**.

Dated: May 5, 2020

*[signature: Larry A. Burns]*

Hon. Larry Alan Burns, Chief Judge
United States District Court